```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

```
YOLANDA MARCH,
                    Plaintiff,          15-CV-6035

           -v-                          DECISION AND ORDER

CAROLYN W. COLVIN, Acting
Commissioner OF Social Security,

                    Defendant.
```

## I. Introduction

Plaintiff Yolanda March ("plaintiff") commenced this action following the Commissioner of Social Security's ("defendant" or the "Commissioner") denial of her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act (the "SSA"). Plaintiff's attorney, Peter A. Gorton, Esq. has filed a motion pursuant to Section 206(b) of the SSA, 42 U.S.C. § 406(b), requesting attorney's fees in the amount of $10,924.50, which represents the balance of 25% of plaintiff's past due benefits ($10,924.50), less the amount of $6,000.00 received by plaintiff's attorney as a fee for services performed at the administrative level.

## II. Background

Plaintiff's applications for disability insurance benefits were initially denied. Following the denial of benefits, plaintiff was granted a hearing before an administrative law judge ("ALJ"), who later issued a written decision denying benefits. The ALJ's decision became final when the Appeals Council denied plaintiff's

request for review. Plaintiff filed the present action seeking judicial review of the ALJ's final decision pursuant to 42 U.S.C. § 405(g), which resulted in the Court entering a Stipulation and Order remanding the case for further administrative proceedings on November 14, 2015. By Stipulation and Order dated August 28, 2015, the Court awarded the plaintiff attorney's fees in the amount of $4,717.55 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). However, plaintiff's attorney did not receive this fee payment, because it was applied to payment of a federal debt owed by plaintiff. *See* Docket No. 15-4 at 1.

On remand, the Commissioner determined that plaintiff had been disabled, as defined in the SSA, since November 30, 2011. The Social Security Administration subsequently determined that plaintiff was entitled to $67,698.00 in past-due benefits.

Plaintiff entered into a fee arrangement pursuant to which she agreed to pay her attorney the greater of (1) 25% of the past due benefits to which she became entitled because of a favorable determination on her claim or (2) the full amount of any attorney's fees awarded under the EAJA. Plaintiff's attorney now requests that the Court award him fees in the amount of $10,924.50, which represents the balance of 25% of plaintiff's past due benefits ($16,924.50), less the amount of $6,000.00 received by plaintiff's attorney as his fee for services performed at the administrative level. The Commissioner has filed a response stating that she has

no objection to plaintiff's counsel's fee request. For the reasons set forth below, the Court grants plaintiff's motion.

## III. Discussion

The relevant provision of the SSA provides that:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment.

42 U.S.C. § 406(b)(1). In considering a request for attorney's fees, the Court must determine whether the requested fee amount is reasonable, giving "due deference" to the intent of the parties as evidenced by their fee arrangement. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The Court must consider (1) whether the contingency percentage is within the 25% cap, (2) whether there has been fraud or overreaching in the agreement, and (3) whether the requested amount is so large as to be a windfall to the attorney. *Id.*

In this case, the contingency percentage is within the 25% cap and there is no evidence of any fraud or overreaching in the agreement. The requested fee also is not so large as to represent a windfall to plaintiff's counsel.

> Although there is no clear set of criteria for determining when an award would result in a windfall, it is clear that there are certain factors which should be considered. These factors include 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort

> expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005). The Court may also "take into account the amount of time and effort the attorney expended at the administrative level." *Id*. at 457. Here, plaintiff's attorney advocated successfully for his client and submitted pleadings that were thoroughly researched and involved real issues of material fact. Plaintiff's attorney is experienced in handling social security cases, and frequently appears before this Court in such matters. Plaintiff's attorney has further submitted documentation showing that he expended 24.2 hours of time in connection with this matter. Under these circumstances, the Court finds the requested attorney's fees reasonable. *See id.* at 457 (finding fees of $38,116.50 reasonable where the plaintiff's attorney spent a total of 42.75 hours on the court proceedings and utilized his skills and experience to provide effective representation).

Finally, the Court notes that where, as in this case, fees are awarded pursuant to both the EAJA and 42 U.S.C. § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation omitted). However, in this case, plaintiff's counsel did not actually receive the EAJA payment, because it was

4

applied to an existing federal debt of plaintiff's. As such, plaintiff has already received the benefit of that payment, and so no further refund is required. *See, e.g., Culin v. Comm'r of Soc. Sec.*, 2017 WL 1331282, at *2 (M.D. Fla. Apr. 11, 2017) ("If the attorney never received an EAJA award because the Treasury Department used the EAJA award to pay the claimant's federal debts, there is no amount of EAJA fees received, no risk of double recovery prohibited by § 406(b)(2), and no amount to refund") (internal quotations omitted).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees in the amount of $10,924.50 is granted. The award is to be made payable to Peter A. Gorton, Esq., attorney for plaintiff.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ MICHAEL A. TELESCA
HONORABLE MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED: Rochester, New York
January 16, 2018

5